IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 5:08cr28/RS
 5:11cv344/RS/EMT

EULADIO SANTIAGO, JR.

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 77). The Government has filed a motion to dismiss the motion as untimely (doc. 79), Defendant responded (doc. 81), and after obtaining leave to do so, the Government replied to Defendant's response (docs. 88, 89, 90).

## BACKGROUND and ANALYSIS

Defendant pleaded guilty on October 6, 2008, to manufacturing and possessing with intent to distribute 50 kilograms or more of marijuana, and possession of a firearm by a convicted felon (docs. 12, 30, 31, 32). The Government filed a notice of enhancement information listing three prior felony drug convictions (doc. 17), one of which the court ruled at sentencing was not a "conviction" under state law for purposes of the Armed Career Criminal enhancement (doc. 48 at 43–44, 46). Defendant had a base offense level of 14 which was raised to 24 due to his two prior felony convictions (*id.* at 45; PSR ¶ 22; U.S.S.G. § 2K2.1(a)(2)). On January 22, 2009, he was sentenced to the mid-point of the applicable guidelines range to concurrent terms of 94-months imprisonment on each count (doc. 40). The Government objected to the court's conclusion that Defendant did not qualify for further enhancement (doc. 48 at 51) and appealed (doc. 42).

The Eleventh Circuit found that it was error for the district court not to count Defendant's 2001 offense as a qualifying conviction for the purpose of enhancing his sentence pursuant to 18 U.S.C. § 924(e), vacated Defendant's sentence, and remanded the case for re-sentencing (doc. 59 at 16).[1]  Defendant was resentenced on August 27, 2010, to a term of 120-months imprisonment on Count 1 to run concurrently with a 210-month term of imprisonment on Count 2 (doc. 70).  He did not appeal after resentencing.

Defendant's original motion to vacate was filed on October 16, 2011, pursuant to the prison mailbox rule[2] (doc. 75).  He filed an amended motion (doc. 77) pursuant to court order (doc. 76), and the court directed the Government to respond (doc. 78).  The Government has now moved to dismiss the motion as untimely, contending that regardless of whether Defendant's conviction became final when the time for appealing his new sentence expired, or when the Supreme Court denied certiorari in his appeal, or one year from the date of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which Defendant cites in his motion, the motion is untimely.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The Supreme Court denied certiorari on October 12, 2010 (*see* doc. 72; Santiago v. United States, 131 S. Ct. 484 (2010)).  Thus it appears that Defendant may have been resentenced while the petition for certiorari was pending.

[2] Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 5:08cr28/RS; 5:11cv344/RS/EMT

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

In a case in which an appellate court partially or wholly reverses a defendant's conviction or sentence and remands to the district court, the defendant's "judgment does not become final, and the statute of limitations does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed." Maharaja v. Sec'y for Dep't of Corrections, 304 F.3d 1345 (11th Cir. 2002) (quoting and concurring with United States v. Colvin, 204 F.3d 1221 (9th Cir. 2000)). Under Maharaja, then, because Defendant did not appeal the amended judgment, Defendant's conviction became final fourteen days from the August 27, 2010 entry of the amended judgment, on September 10, 2010. Fed. R. App. P. 4(b)(1)(A). To have been timely filed, the motion must have been filed one year from that date, on Saturday September 10, 2011, or affording Defendant an extension until the first business day after that date, his motion must have been filed on September 12, 2011. Therefore, his motion, filed October 16, 2011, was filed well beyond a year from that date and is therefore facially untimely.

Alternatively, the court notes that Defendant's petition for certiorari was still pending when Defendant was resentenced. Typically, in a case where a defendant files a petition for certiorari seeking review of the court of appeals' judgment, the judgment of conviction becomes final when the Supreme Court either denies the petition or issues a decision on the merits. Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001) (collecting cases). Under Washington, Defendant's conviction did not become final until October 12, 2010, the date his petition for certiorari was denied. His October 16, 2011 motion is untimely under this construction as well.

Because Defendant has not alleged a governmental impediment or newly discovered evidence, the only other way his motion could be timely under § 2255 (f) is if it was filed within one year of the date on which the Supreme Court recognized a new constitutional right and made it retroactively applicable on collateral review. Defendant contends that the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) was an "intervening change of law" that operated to make him "actually innocent" of being an armed career criminal (doc. 77 at 3). It is well-established that "a new rule is not made retroactive to cases on collateral review unless the

Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). The Court has not declared its decision in Carachuri–Rosendo, which arose under the Immigration and Nationality Act, to be a "new rule" of constitutional law that is retroactively applicable. *See* United States v. Stallworth, 2012 WL 512644 (N.D. Fla. 2012) (report and recommendation finding Carachuri-Rosendo not retroactively applicable on collateral review; R&R adopted on February 16, 2012); Gaytan-Gonzalez v. Benov, 2012 WL 28625, at *2 (E.D. Cal. Jan. 5, 2012) (same); Stewart v. Warden, FCC Coleman-Low, 2011 WL 6004594 (M.D. Fla. 2011) (same, citing unreported cases that have also so held); Gaddy v. United States, 2011 WL 7021140 (N.D.W. Va. 2011) (same; also noting that even if Carachuri-Rosendo was retroactively applicable on collateral review, a timely-filed motion based on this case must have been filed on or before June 14, 2011). Thus, any "new" principles enunciated in Carachuri-Rosendo are not applicable to Defendant's case. And, even if this decision were retroactively applicable, Defendant's motion was filed well over a year after the ruling, and his motion would again fail as untimely.

In his reply, Defendant appears to acknowledge the untimeliness of his motion for the first time and asserts that equitable tolling should apply because his attorney "abandoned him" (doc. 86 at 4). He claims that counsel never sent him any documentation informing him when the writ of certiorari was denied, and that he learned merely three days before filing the instant motion to vacate that his time limit for filing the § 2255 motion had expired (*id.*).

Although § 2255's limitation period may be equitably tolled, tolling is appropriate only when a movant establishes that he has untimely filed due to "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Williams v. United States, 491 F.3d 1282, 1284 (11th Cir. 2007); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). It is an extraordinary remedy that is sparingly applied, and the onus is on the Defendant to show he is entitled to this extraordinary relief. Wilson, 491 F.3d at 1284–85; Johnson, 340 F.3d at 1226. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)). There is nothing in Defendant's memorandum beyond his bald assertion that counsel "never sent him any documentation informing him when [the] writ of

certiorari was denied" (doc. 86 at 4), which would lead the court to conclude that equitable tolling is appropriate.  He has offered evidence of neither extraordinary circumstances, nor due diligence. Thus, the court concludes that his motion is untimely and the Government's motion to dismiss should be granted.

### Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The Government's motion to dismiss Defendant's § 2255 motion (doc. 79) be **GRANTED**, and the Defendant's amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 77)  be **DISMISSED** as untimely.

That no Certificate of Appealability issue in this case

At Pensacola, Florida, this 3rd day of April, 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**