IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                Case Nos.:     5:08cr28/RS
                                                                                                                             5:11cv344/RS/EMT

EULADIO SANTIAGO, JR.

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 97). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.[1]

## BACKGROUND and ANALYSIS

Defendant pleaded guilty on October 6, 2008, to manufacturing and possessing with intent to distribute 50 kilograms or more of marijuana, and possession of a firearm by a convicted felon (docs. 12, 30, 31, 32). The Government filed a "Notice of Enhancement," listing three prior felony drug convictions (doc. 17), one of which the court ruled at sentencing was not a "conviction" under state law for purposes of the Armed Career Criminal enhancement (doc. 48 at 43–44, 46). Defendant had a base offense level of 14, which was raised to 24 due to his two prior felony convictions (*id.* at 45; PSR ¶ 22; U.S.S.G. § 2K2.1(a)(2)).  On January 22, 2009, he was

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2). If summary dismissal were not warranted in this case, Defendant would be required to file an amended motion on the court form as required by this rule before his motion would be considered on the merits.

sentenced—at the mid-point of the applicable guidelines range—to concurrent terms of 94-months imprisonment on each count (doc. 40). The government objected to the court's conclusion that Defendant did not qualify for further enhancement (*see* doc. 48 at 51) and appealed (doc. 42).

The Eleventh Circuit found that it was error for the district court not to count Defendant's 2001 offense as a qualifying conviction for the purpose of enhancing his sentence pursuant to 18 U.S.C. § 924(e), vacated Defendant's sentence, and remanded the case for resentencing (doc. 59 at 14).[2] Defendant was resentenced on August 27, 2010, to a term of 120-months imprisonment on Count 1, to run concurrently with a 210-month term of imprisonment on Count 2 (doc. 70). He did not appeal after resentencing. Defendant did, however, file a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 75), which he subsequently amended (doc. 77). The court granted the Government's motion to dismiss the amended motion to vacate on April 25, 2012 (docs. 91, 95, 96). Defendant has now filed another motion to vacate, seeking relief pursuant to the recent Supreme Court decision in Descamps v. United States, 133 S. Ct. 2276 (2013), which—Defendant suggests—announced a new substantive rule that is retroactively applicable to his case.

This court does not have jurisdiction to entertain Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); United States v. Oliveros-Estupinan, 544 F. App'x 930 (11th Cir. 2014). This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion; therefore, the instant motion to vacate must be dismissed without prejudice.

---

[2] The Supreme Court denied certiorari on October 22, 2010 (*see* doc. 72; Santiago v. United States, 131 S. Ct. 484 (2010)).

Case Nos.: 5:08cr28/RS; 5:11cv344/RS/EMT

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 97), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 12th day of June 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**